IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **IN RE**: | ) | **CHAPTER 13** |
| | ) | |
| **JANET H. KIRBY** | ) | **CASE NO. 07-71495** |
| | ) | |
| Debtor. | ) | |

___

### MEMORANDUM DECISION AND ORDER RULING UPON
### OBJECTIONS TO CLAIMS OF CAPITAL ONE BANK

The matters before the Court are two Objections filed by the Debtor to two proofs of claim filed in this case by TSYS Debt Management as service provider for Capital One Bank, number one (# 52TDM**5230097**9495) (emphasis added) in the amount of $6,446.70 and number two (# 52TDM**9241926**4318) (emphasis added) in the amount of $6,351.30.  The grounds for objection to these claims are indicated to be: "[n]o detail provided. Claim not filed in compliance with Rule 3001(c)."  In support of these Objections the Debtor has filed an affidavit which asserts as follows:

> That the amounts owed, if any, is [sic] less than the amounts as claimed by Capital One Bank.  Capital One Bank has f[a]iled to provide a detailed statement of either claim, and I believe those claims may contain non-allowable charges.  Further, these amounts do not agree with my records.

While the Debtor in her Objections does not set forth what she believes she owes Capital One Bank, in Schedule F to her petition in bankruptcy she lists two debts to Capital One Bank, account number 529111**5230097** (emphasis added) in the amount of $5,818 and account number 52914**9241926** (emphasis added) in the amount of $5,792, neither of which is indicated to be disputed, contingent or unliquidated.

These matters were scheduled for hearing on January 7, 2009.  Prior to the scheduled afternoon hearing on these Objections the Court indicated to counsel for the Debtor that it wished to see the Debtor's account statements near the time of filing for the two accounts to review in considering the Objections, neither of which has been responded to by or on behalf of Capital One Bank.  At the afternoon hearing counsel for the Debtor indicated that he did not have in his file the requested account statements but did provide to the Court a copy of a civil warrant dated May 3, 2007 brought by the Bank against Ms. Kirby in the General District Court for Henrico County, Virginia.  That warrant indicates that it was for a contract open account, number 52914**92419260**4318 (emphasis added), and sought judgment for $5,399.69 with interest at the rate of 28.1% from 1/30/2007 until paid and $48 court costs.  The Debtor's petition was filed on September 26, 2007.  Assuming that judgment was awarded on the civil warrant according to its provisions, and counsel for the Debtor has made no suggestion to the contrary, the accrued interest as of the filing date would be $993.52 and the aggregate total for principal, accrued interest and court costs would be $6,441.52.  That judgment appears to be for the same account as Claim number two, which, as previously noted, was for the sum of $6,351.30 and the same account scheduled by the Debtor in the amount of $5,792.  In light of the evidence before the Court in the form of the civil warrant, upon which the Court assumes that judgment was entered against the Debtor and from which it can be readily calculated that the amount due as of the filing date is more than Capital One's proof of claim, the Court concludes that the preponderance of the evidence is that Capital One's proof of claim number two is substantially correct and that the Debtor's Objection to same ought to be denied.

As to the first proof of claim filed on behalf of Capital One, the Court has been furnished with no underlying documentation regarding charges on the account. The Statement of Account attached to the proof of claim lists only a balance due amount of $6,446.70. Although the Debtor has filed an Objection to this proof of claim on the basis that no detail has been provided and that it fails to conform to Bankruptcy Rule 3001(c), neither Capital One nor its account servicer has supplemented the filed proof of claim with any detail. Certainly in the face of an unequivocal denial of liability on the Debtor's part for the amount claimed, the proof of claim and its supporting documentation would be found wanting and the Objection would be sustained. That, however, is not the situation presented here. The Debtor in Schedule F to her petition acknowledges the account as a debt in the amount of $5,818, which is not indicated to be disputed, contingent or unliquidated. It is true that the Debtor's affidavit does state that "the amounts owed, if any, is [sic] less than the amounts as claimed by Capital One Bank." The recitations following this statement, however, simply state that the "claims may contain non-allowable charges" and that the "amounts claimed do not agree with my records," but fail to disclose what her "records" reveal. Counsel was unable after requested by the Court to produce any account statement for the account in question and did not offer evidence of any other records relating to this account which might support the Debtor's affidavit. He further disclosed that the amounts used in the petition for account debts of this kind are obtained from the figures recorded in his bankruptcy debtor clients' credit reports rather than from current account statements as of the time of preparing the petitions and accompanying schedules. While the Court acknowledges that the supporting documentation provided for Capital One's two proofs of claim is less than satisfactory, the Court is not inclined to deprive the creditor of the evidentiary effect accorded to

3

its proofs of claim under Bankruptcy Rule 3001(f) by Objections which, refined to their essence, seek to challenge them on the basis of minimal undetailed documentation rather than a clear, direct and unambiguous denial of the validity of the debts claimed to be due. Accordingly, the Court will deny also Debtor's Objection to Capital One's proof of claim number one as well.

For the reasons noted above, it is ORDERED that the Debtor's Objections to the two proofs of claim filed on behalf of Capital One Bank in this case are DENIED but without prejudice to her filing a motion for rehearing providing actual account statements or other records possessed by the Debtor or her counsel which support the statements made in her affidavit that the amounts claimed by the Bank exceed her proper liability.

The Clerk shall send a copy of this Order to the Debtor; counsel for the Debtor, Robert T. Copeland, Esquire; Jo S. Widener, Trustee; and Capital One Bank, c/o TSYS Debt Management, ATTN: Yasmin Salazar, P.O. Box 5155, Norcross, GA 30091.

ENTER this 13th day of January, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE